The Honorable Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMIRHOSSEIN PAZOUKI ,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.* ,

Defendants.

CASE NO. 2:25-cv-02589-TL

**PARTIES' STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Discovery in this action will involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiff and Defendants ("the parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). Among other things, this Order authorizes Defendants to produce personally identifiable information that would otherwise be prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a, and without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this order constitutes such an order and authorizes the disclosure of that information. The parties acknowledge that this Order is consistent with LCR 26(c). It does not

confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file Confidential Information under seal. However, the parties stipulate that Plaintiff's A-File, which will be produced by Defendants during discovery, shall be designated in its totality as "Confidential" and subject to the provisions of this Order. Requiring Defendants to designate each page of the A-File that contains confidential material would be unduly burdensome and cause production delays because the A-File contains a high volume of confidential material, as defined in § 2, *infra*. Thus, designating the A-File as "Confidential" in its entirety would promote efficiency and ensure production of Plaintiff's A-File in a timely manner.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a) information prohibited from disclosure by statute, rules, regulation, or court order, such as information protected by the Privacy Act, 5 U.S.C. § 552a, and other statutes or regulations that may prevent disclosure of specific non-citizen information, including, but not limited to, 8 U.S.C. §§ 1160(b)(5), (6); 1186A(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C), 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(iii), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

(b) sensitive information compiled for law enforcement purposes or about law enforcement staffing, law enforcement resources, law enforcement intelligence, and/or law enforcement methods, as well as identifying information, names, contact information, or identifying numbers, of non-public facing supervisory and non-supervisory federal employees and contractors involved in this litigation;

(c) information implicating national security;

(d) any sensitive, but unclassified, information to include limited official use or for official use only information;

(e) information that reveals trade secrets;

(f) research, technical, commercial, or financial information that the party has maintained as confidential;

(g) medical information concerning any individual;

(h) any individual's personally identifiable information including, but not limited to, the first and last name, date of birth, social security number, alien registration number, passport number, and any similar numbers assigned to an individual by a federal, state, or local government of the United States or government entity or another country belonging to any individual;

(i) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms;

(j) personnel or employment records of a person who is not a party to the case;

(k) any information not in the public domain, or if in the public domain, information that is improperly in the public domain; and

(l) any other personally identifiable information identified in Rule 5.2 of the Federal Rules of Civil Procedure, including information that may be released during written discovery and depositions.

If a designating party determines that information not described in this paragraph should be designated as Confidential, the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information. If the parties are unable to resolve the dispute within 14 calendar days, the designating party shall designate the material as containing Confidential Information and produce it. The receiving party can then challenge the confidentiality designation(s) pursuant to Section 6 of this Order.

3. SCOPE

The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Order do not cover information that is properly in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. It shall not be disseminated outside the confines of this case, nor shall it be included in any pleading, record, or document that is not filed under seal with the Court or redacted in accordance with this Order and applicable law. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) Plaintiff;

(b) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) any other person mutually authorized by the parties, or if represented, their counsel, to examine such information;

(f) the court, court personnel, and court reporters and their staff;

(g) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i) the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information.

4.3 Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Confidential Information at issue,

and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), subject to the stipulation concerning Plaintiffs' A-File in section 1, *supra*, the designating party must affix the word "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Interrogatory answers and responses to requests for admission: for interrogatory answers and responses to requests for admission, designation of Confidential Information shall be made by placing within each answer or response containing confidential material: "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."

(c) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential. The entire deposition transcript (including all exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Order until the expiration of the aforementioned fifteen-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of, and exhibits to, his or her own deposition during the fifteen-day period, subject to this Order and the requirement of executing the certification attached as Exhibit A. After the designation of confidential material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information or exhibits: "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." If the deposition was filmed, both the recording storage medium (i.e., CD or DVD) and its container shall be labeled: "CONFIDENTIAL PURSUANT TO

PROTECTIVE ORDER." If a party or non-party desires to protect Confidential Information at trial, the issue should be addressed during the pre-trial conference.

(d) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court

intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or Order that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material, provided that such material is and remains clearly marked to reflect that it contains confidential material, and such counsel maintain the confidential nature of the material, as set forth in this Order. Notwithstanding the foregoing, nothing in this Order shall be construed to supersede any party's obligation to maintain records in accordance with the Federal Records Act or other statutory or regulatory record-keeping requirements.

11. THE CONFIDENTIALITY OBLIGATIONS IMPOSED BY THIS ORDER SHALL REMAIN IN EFFECT UNTIL A DESIGNATING PARTY AGREES OTHERWISE IN WRITING OR A COURT ORDERS OTHERWISE. MISCELLANEOUS

11.1 Enforceability Upon Signing: by signing this Order, the parties agree to be bound by its terms unless and until those terms are modified by the Court.

11.2 Right to Further Relief: nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

11.3 Right to Assert Objections: by stipulating to entry of this Order, no party waives any right it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.4 Effect of Order: this Order shall constitute a court order authorizing disclosure of information designated as Confidential, subject to the protections described herein, for purposes of the Privacy Act, 5 U.S.C. § 552a(b)(11) (authorizing disclosure pursuant to the order of a court of competent jurisdiction) and any other state or federal statute or regulation that provides for disclosure pursuant to court order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 15, 2026 s/ *Amirhossein Pazouki*
Plaintiff

DATED: October 15, 2026 s/ *Victoria M. Santora*
Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: October 20, 2026

Hon. Tana Lin
United States District Court Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ____________________________________ [print or type full name], of ____________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Pazouki v. United States Citizenship and Immigration Services, et al.*, No. 2:25-cv-02589-TL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_________________________

City and State where sworn and signed:____________________________

Printed name:__________________

Signature: _____________________